UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIET SIRISU SARIOL, | CASE NO. C16-0835JLR |
| Appellant, | ORDER DENYING MOTIONS TO RECONSIDER AND DENYING IN FORMA PAUPERIS STATUS |
| v. | |
| K. MICHAEL FITZGERALD, | |
| Appellee. | |

## I.   INTRODUCTION

This matter comes before the court on four filings by *pro se* Appellant Juliet Sirisu Sariol: (1) "Motion to request time modification on deadline of submission of supporting documents/ affidavits for the requested filing fee waiver and cost of investigative expenses and other relevant public assistance" (1st Mot (Dkt. # 6)); (2) "Emergency reconsideration of motion modification of time extension for the provision of supporting required affidavits to proceed application for filing fee waiver" (2d Mot. (Dkt. # 7)); (3) "Motion to transfer request of appeal filing fee waiver motion to appoint public counsel

ORDER- 1

and application of investigative services" (3d Mot. (Dkt. # 9)); and (4) "Declaration and application to proceed in forma pauperis and written consent for payment of costs" (IFP App. (Dkt. # 8)). Taken cumulatively, these filings seek reconsideration of the court's prior order denying Ms. Sariol's motion for leave to proceed *in forma pauperis* ("IFP"). (*See* 6/27/16 Order (Dkt. # 5).) Having considered the filings, the balance of the record, and the relevant law, the court DENIES the motions and DENIES Ms. Sariol IFP status on appeal to the Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals ("BAP").

## II.   BACKGROUND & ANALYSIS

On June 2, 2016, the BAP transferred two motions filed by Ms. Sariol to this court for review. (BAP Order (Dkt. # 1).) Ms. Sariol's motions sought leave to proceed IFP on her appeal to the BAP (IFP Mot. (Dkt. # 1-1)), and to have counsel appointed on her appeal to the BAP (Mot. for Counsel (Dkt. # 1-2)). The BAP indicated that "[i]t is appellant's responsibility to take all necessary steps to have these matters considered by the district court within forty-five (45) days from the date of this order." (BAP Order at 2.) The BAP's order was dated May 24, 2016. (*Id.* at 1.)

On June 8, 2016, the court denied Ms. Sariol's motion to proceed IFP "without prejudice to refiling that motion [within 15 days] with the appropriate documentation, including a completed IFP application." (6/8/16 Order (Dkt. # 3) at 2.) The court referred Ms. Sariol to the United States District Court for the Western District of Washington's website for blank versions of the IFP application and additional materials to assist *pro se* litigants. (*Id.* at 2 n.1.) Finally, the court deferred ruling on Ms. Sariol's

ORDER- 2

motion to appoint counsel until she renewed her motion to proceed IFP or the deadline to do so passed. (*Id.* at 3.) In conjunction with a renewed IFP motion, the court allowed Ms. Sariol to provide supplemental argument or evidence in support of her motion to appoint counsel. (*Id.*)

On June 20, 2016, Ms. Sariol filed a "motion in opposing order denials." (Renewed IFP Mot. (Dkt. # 4) at 1.) The court liberally construed that motion as a renewed motion seeking IFP status. (6/27/16 Order at 2.) The court denied the renewed motion because Ms. Sariol failed to submit an IFP application and the court therefore had "no way to meaningfully evaluate Ms. Sariol's ability to pay the filing fee on appeal." (*Id.* at 2-3.) Several weeks later, Ms. Sariol filed the motions and IFP application that are now before the court. (*See* 1st Mot. (filed July 14, 2016); 2d Mot. (filed July 19, 2016); 3d Mot. (filed July 19, 2016); IFP App. (filed July 19, 2016).)

Ms. Sariol has failed to comply with the court's prior order. In light of the 45-day timeline imposed by the BAP (BAP Order at 2), the court granted Ms. Sariol 15 days from its initial order denying IFP status to reapply for IFP status by submitting her IFP application and any additional argument or evidence. (6/8/16 Order at 3.) Twelve days later, Ms. Sariol filed a "motion in opposing order denials" (Renewed IFP Mot.), but she did not file an IFP application until July 19, 2016 (IFP App.). Ms. Sariol has made no showing why this delay of more than three weeks past the court's deadline should be forgiven. (*See* 1st Mot.; 2d Mot.; 3d Mot.; IFP App.) Ms. Sariol's timely filing of a separate motion (*see* Renewed IFP Mot.) further demonstrates that no good cause existed for failing to timely file a completed IFP application.

Additionally, Ms. Sariol's motion for reconsideration is untimely and fails to make the required showing. The Local Civil Rules require that such a motion be filed within 14 days of the order to which it relates. Local Rules W.D. Wash. LCR 7(h)(2). Ms. Sariol filed each of her three currently pending motions and her IFP application more than 14 days after the court's June 27, 2016, order. (*Compare* 6/27/16 Order at 1 *with* 1st Mot.; 2d Mot.; 3d Mot.; IFP App.) The local rules further require "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). None of the motions attempts to show "manifest error" in the court's prior ruling. *See id.* Although Ms. Sariol presents "new facts" in the form of her IFP application, none of Ms. Sariol's filings demonstrate why the new facts contained in her IFP application "could not have been brought to [the court's] attention earlier with reasonable diligence." *See id.* Indeed, Ms. Sariol filed a motion before the deadline to submit her IFP application. (*See* Renewed IFP Mot.) This timely filing demonstrates Ms. Sariol's ability to file an IFP application, which is considerably less involved than the motion she filed, in a timely fashion.

Furthermore, Ms. Sariol's IFP application is defective. Ms. Sariol attests that her monthly expenses on phone, food, rent, and transportation exceed her monthly income, which comes solely from Social Security Administration disability payments. (IFP App. at 2.) However, she failed to complete the entire IFP application by omitting her name and signature from the section providing "written consent for payment of costs under Local Rule CR3(b)." (IFP App. at 2.) The Local Civil Rules require Ms. Sariol to "[f]ile

a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff . . . ." Local Rules W.D. Wash. LCR 3(b)(2). Ms. Sariol failed to comply with this Local Civil Rule, which renders defective her IFP application.

Finally, the court notes that review of Ms. Sariol's untimely filings would disrupt the BAP by contravening its scheduling order. The BAP allowed Ms. Sariol 45 days from May 24, 2016, to obtain a ruling from this court on her motion to proceed IFP and motion for counsel. (BAP Order at 2.) Then, in light of the court's orders on Ms. Sariol's motions, the BAP gave Ms. Sariol until July 27, 2016, to pay her filing fee. *In re Juliet Sariol*, BAP No. WW-16-1068. The BAP has since denied Ms. Sariol's motion to pay the filing fee in installments. *Id.*, Dkt. # 37. Reconsidering the court's prior rulings would therefore undermine the proceedings in the BAP that have occurred subsequent to and in reliance on those rulings.

### III.   CONCLUSION

Ms. Sariol has failed to comply with the court's prior order, failed to comply with the Local Civil Rules, failed to make a showing sufficient to justify reconsideration, and seeks relief that would disrupt the proceedings before the BAP. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) ("Pro se litigants must follow the same rules of

//

//

//

ORDER- 5

1 | procedure that govern other litigants."). The court therefore DENIES Ms. Sariol's
2 | motions for reconsideration (Dkt. ## 6, 7, 8, 9) and DENIES her IFP status.
3 |     Dated this 26th day of July, 2016.

*(signature)*

JAMES L. ROBART
United States District Judge

ORDER- 6